## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN E. MILLER, | : |
| Plaintiff, | : |
| v. | : Civ. No. 20-218-LPS |
| SGT. RONALD FREDERICK, et al., | : |
| Defendants. | : |

John E. Miller, James T. Vaughn Correctional Center, Smyrna, Delaware. Pro Se Plaintiff.

Anna E. Currier, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for Defendants.

## MEMORANDUM OPINION

March 28, 2022
Wilmington, Delaware

**STARK, U.S. Circuit Judge:**

## I. INTRODUCTION

Plaintiff John E. Miller ("Plaintiff"), an inmate at James T. Vaughn Correctional Center in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983. (D.I. 1) He appears *pro se* and has paid the filing fee. (D.I. 6) Before the Court is Defendants' motion to dismiss. (D.I. 18)

## II. BACKGROUND

The Court screened this matter on October 6, 2020, pursuant to 28 U.S.C. § 1915A(b), and found that Plaintiff had raised what appeared to be cognizable and non-frivolous 42 U.S.C. § 1983 claims. (D.I. 9) Defendants move to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

## III. LEGAL STANDARDS

Evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires the Court to accept as true all material allegations of the complaint. *See Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotation marks omitted). Thus, the Court may grant such a motion to dismiss only if, after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000) (internal quotation marks omitted).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

1

"To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. At bottom, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted).

The Court is not obligated to accept as true "bald assertions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (internal quotation marks omitted), "unsupported conclusions and unwarranted inferences," *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997), or allegations that are "self-evidently false," *Nami v. Fauver*, 82 F.3d 63, 69 (3d Cir. 1996). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).

## IV. DISCUSSION

The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1) is identical to the legal standard used when deciding Rule 12(b)(6) motions. *See e.g.*, *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state claim under § 1915(e)(2)(B)). The Court screened this case, liberally construed it, and determined that Plaintiff has raised cognizable and non-frivolous claims. (*See* D.I. 9)

Defendants move to dismiss on the grounds that the Complaint fails to articulate specific claims against either Defendant and appears to make general claims regarding retaliation and due process violations against both Defendants, due to a disciplinary report written by Defendant Ronald Frederick ("Frederick") and a finding of guilt by Defendant Lt. Ruth Dixon ("Dixon"). (D.I. 18) Defendants argue that Plaintiff has not pled sufficient retaliation claims and that Plaintiff's due process rights were not violated as a result of the disciplinary hearing.

In reviewing and liberally construing the Complaint, the Court finds that it adequately alleges retaliation claims against Frederick and against Dixon. The Complaint fails, however, to state a second retaliation claim against Dixon based on the June 20, 2019 conversation with Plaintiff.

In order to establish a retaliation claim, Plaintiff must allege that: (1) his conduct was constitutionally protected; (2) he suffered an adverse action at the hands of prison officials; and (3) his constitutionally protected activity was a substantial or motivating factor in the decision to discipline him. *See Watson v. Rozum*, 834 F.3d 417, 420 (3d Cir 2016).

As Defendants point out, the Complaint does not alleges that Plaintiff suffered an adverse action. Rather, it alleges that Dixon was "looking for a reason" to send Plaintiff to SHU, not that she sent him there. For this reason, the June 20, 2019 retaliation claim fails.

A closer look at the Complaint indicates that it fails to state a due process claim. Plaintiff alleges he was denied his job, good time credits, and a single cell spot as a result of the initial finding of guilt, yet none of those deprivations affect a protected liberty interest. The Due Process Clause itself confers no liberty interest in freedom from state action taken "within the sentence imposed." *Sandin v. Connor*, 515 U.S. 472, 480 (1995) (internal quotation marks omitted). State created liberty interests protected by the Due Process Clause are generally limited to restraints on prisoners that impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of

3

prison life." *Griffin v. Vaughn*, 112 F.3d 703, 706 (3d Cir. 1997) (quoting *Sandin*, 515 U.S. at 484). The deprivations of which Plaintiff complains do not fall within this category.

In addition, to the extent Plaintiff alleges that he did not receive the procedural due process he was due, he cannot prevail, given there were no restraints on his freedom. *See Mitchell v. Horn*, 318 F.3d 523, 531 (3d Cir. 2003). Finally, to the extent he complains that the disciplinary charge contained incorrect information, the filing of false disciplinary charges does not constitute a claim under § 1983 so long as the inmate was granted a hearing and an opportunity to rebut the charges. *See Crosby v. Piazza*, 465 F. App'x 168, 172 (3d Cir. 2012) (citing *Smith v. Mensinger*, 293 F.3d 641, 653-54 (3d Cir. 2002)). It is clear from the allegations that Plaintiff was afforded a disciplinary hearing.

Defendants' motion to dismiss will be granted in part and denied in part. Plaintiff will be given leave to file an amended complaint to correct the pleading deficiencies.

## V. CONCLUSION

For the above reasons, the Court will grant in part and deny in part Defendants' motion to dismiss. (D.I. 18) Plaintiff will be given leave to amend. Should Plaintiff fail to file an amended complaint, the matter will proceed only on the March 23, 2018 retaliation claim against Frederick and the March 28, 2018 retaliation claim against Dixon.

An appropriate Order will be entered.